In the Matter of NICHOLAS F. NUZIALE, Appellant, v ROBERT D. LiMANDRI, as Commissioner of the New York City Department of Buildings, et al., Respondents. [967 NYS2d 384]—

Judgment, Supreme Court, New York County (Alexander W. Hunter Jr., J.), entered April 11, 2012, denying the petition to annul respondents' determination, dated May 26, 2011, which denied petitioner's application to renew his stationary engineer license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the matter remanded to respondents for further proceedings consistent herewith.

The determination to deny petitioner's renewal application for a stationary engineer license was in violation of lawful procedure and lacked a rational basis. Respondents arbitrarily found that petitioner's prior federal conviction for theft of funds bore a direct relationship to the duties and responsibilities attendant to a stationary engineer, the license for which he sought renewal after having his license renewed several times (*see* Correction Law §§ 750 [3]; 752 [2]; *Matter of Dellaporte v New York City Dept. of Bldgs.*, 106 AD3d 446 [1st Dept 2013]). Petitioner's prior conviction resulted from the misuse of his administrative powers in his former position, which granted him control over hiring, payroll, and selection of vendors. Such actions bear no direct relationship to the equipment maintenance duties and responsibilities inherent in the stationary engineer license, and thus do not satisfy the first exception to the general prohibition of discrimination against persons previously convicted of criminal offenses (*see* Correction Law § 752 [1]).

Respondents also could not have rationally found petitioner to pose an unreasonable risk to public safety or welfare so as to satisfy the second exception to the general prohibition (*see* Correction Law § 752 [2]). Petitioner disclosed his 2006 conviction on his prior license renewal applications, all of which were granted. It is also undisputed that petitioner was a well-regarded employee, and his renewal application included letters verifying his character and fitness, including one from his immediate supervisor at his current employer, who said that petitioner was "the most dedicated, conscientious employee" he had come across in his career and was an unmatched value to the agency. In contrast, respondents offered only "speculative inferences unsupported by the record" to raise an issue concerning any potential risk to the public (*Matter of Marra v City of White Plains*, 96 AD2d 17, 25 [2d Dept 1983] [internal quotation marks omitted]).

In reversing, we note that *Dellaporte*, which is on point, was decided after the motion court's decision. Concur—Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.